UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00189-H

ERIC LLOYD HERMANSON                                                                              PLAINTIFF

V.

KENTUCKY DEPARTMENT OF
CORRECTIONS, ET AL.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants', Kentucky Department of Corrections and individual employees of the Kentucky State Reformatory ("KSR")[1], motion to dismiss the two count complaint of Plaintiff, Eric Lloyd Hermanson. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his First Amendment right of expression to assist other inmates in filing grievances when it transferred him from KSR to the Kentucky State Penitentiary. Plaintiff additionally asserts a state law claim of intentional infliction of emotional distress ("IIED"). The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it survived the initial screening. Now with the benefit of briefing, the Court will evaluate Defendants' motion to dismiss.[2]

---

[1] The individual Defendants are: Cookie Crews, Warden of KSR; Jennifer Tracy, Classification Branch Manager of KSR; Laura Simpson, Grievance Coordinator of KSR; and James M. Ford, Brian K. Ward, and Alicia J. Bloyd, members of KRS's Unit B Classification Committee.

[2] When a plaintiff seeks redress from a governmental entity or employee of a governmental entity, the court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. In that initial screening, courts must dismiss the action if it determines it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In its cursory review of Plaintiff's complaint, the court found that the complaint did not have an obvious defect to warrant preliminary dismissal. ECF No. 3. With briefs from the parties better elaborating the issues in the case and providing the Court with more information, the Court can now better evaluate whether the pleadings state a claim upon which relief may be granted.

1

I.

While incarcerated at KSR, Plaintiff was involved in a handful of legal actions. For instance, Plaintiff alleges he took part in a 2010 federal case involving parole standards. Additionally, Plaintiff partook in a federal case before this Court concerning the establishment of a kosher meal plan for KSR inmates of the Jewish faith, which was substantively resolved in 2011. He claims other inmates in KSR depended on him for legal assistance in filing grievances, but admits that "other inmate legal aid" is available to those inmates. ECF No. 1 at ¶ 13.

On or about February 20, 2012, Defendants ordered that Plaintiff be transferred from KSR to the Kentucky State Penitentiary. Defendants maintain that this transfer was a simple relocation, and Plaintiff did not suffer any added restrictions as a result. Plaintiff counters that Defendants ordered the transfer to prevent him from rendering legal assistance to other inmates. According to Plaintiff, as a result of the transfer Defendants subjected him to intentional retaliation for having exercised his constitutional right of expression. After the transfer, Plaintiff filed this action alleging one federal law § 1983 claim for a violation to his First Amendment right of expression and one state law claim for IIED. Defendants have moved to dismiss the complaint.

To survive a motion to dismiss, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, a complaint cannot "plead[] facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, a complaint

cannot satisfy its pleading burden through "labels and conclusions", or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. However, in reviewing a defendant's motion to dismiss, the Court will construe the complaint in the light most favorable to the plaintiff and accept factual allegations as true. *See Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007).

II.

Plaintiff seeks injunctive relief and damages from the individual Defendants, who are all state employees of the KSR. Construing the complaint liberally, he seems to assert these claims against the individual Defendants in their official and individual capacities.

A.

Concerning the official capacity claims, suits against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. "States, state agencies, and state officials sued in their official capacity for money damages are not 'persons' subject to suit under § 1983." *Sublett v. White*, 2012 WL 5400078, *2 (W.D. Ky. Nov. 5, 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, the court will dismiss the § 1983 claims for monetary relief against the individual Defendants in their official capacity.[3]

---

[3] However, Plaintiff may pursue injunctive relief against the individual Defendants in their official capacities. As this Court explained,
> the Supreme Court [in *Will*] noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 481 U.S. at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id*. at 757.

3

B.

Now turning to the individual capacity claims, to survive a motion to dismiss claim under § 1983, "the plaintiff must properly allege two elements: (1) the defendant[s] [were] acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Plaintiff alleges that the individual Defendants retaliated against Plaintiff for exercising his First Amendment right of expression. Specifically, Plaintiff contends that Defendants transferred his place of confinement to effectively terminate his ability to assist inmates in challenging the conditions at KSR.

"Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution." *Silverburg v. Seeley*, 2009 WL 5197870, *3 (W.D. Ky. Dec. 23, 2009). To maintain a claim for retaliation, a plaintiff must establish the following elements:

> (1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights.

*Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998).

With respect to the first element, Plaintiff alleges that he engaged in the protected activity of filing grievances and making complaints on behalf of other inmates. "Prisoners have a First Amendment right to file grievances and access the courts without suffering retaliation for so doing." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001). Courts most often recognize this right in the context of inmates filing their own grievances. *See, e.g., Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (holding that an inmate has an "undisputed First Amendment right to file grievances against prison officials on his own behalf"). With respect to an inmate

---

*Sublett*, 2012 WL 5400078, at *2. Since this Court ultimately finds that the Plaintiff did not suffer a constitutional violation, this claim for an injunctive relief claim against the individual Defendants fails.

filing grievances on behalf of other inmates, he or she has "no First Amendment right to represent other inmates in presenting their grievances absent a showing that 'the inmate[s] receiving the assistance would otherwise be unable to pursue legal redress.'" *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002) (quoting *Herron*, 203 F.3d at 415). In Plaintiff's complaint he admits that "other inmate legal aid" is available to assist inmates in filing grievances. *See* ECF No. 1 at ¶ 13. This admission is fatal to his retaliation claim. *See Vandiver*, 48 F. App'x at 519 (holding that the inmate failed to establish the protected conduct element of his retaliation claim because he had "not demonstrated that the inmates he represented on the warden's forum could not have been represented by another inmate, or that they could not bring any concerns they may have to the attention of prison officials without [his] assistance"). Accordingly, Plaintiff fails to establish the first element.

Even if Plaintiff could somehow prove the first element of his retaliation claim, he cannot establish that the transfer from KSR to the Kentucky State Penitentiary constitutes an adverse action that would deter a person of ordinary fitness from engaging in the protected conduct. In *Silverburg*, a case factually similar to the case *sub judice*, the Court permitted the inmate's retaliation claim based on alleged threats, physical harm and segregation to go forward, but dismissed the retaliation claim based on his transfer to another facility. The Court reasoned that

> a prisoner has no inherent constitutional right to be confined in a particular prison. *Olim v. Wakinekona*, 461 U.S. at 245-46. Nor does a prisoner have a retaliation claim when he is transferred from one prison to another: "[T]ransfer from one prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights." *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003).

*Silverburg*, 2009 WL 5197870, at *3. Because Plaintiff alleges that the transfer was the sole adverse action taken against him, a situation the Sixth Circuit expressly finds does not amount to

5

an adverse action, his retaliation claim must fail. *Cf. Rodgers v. Hawley*, 14 F. App'x 403, 410 (6th Cir. 2001) (finding adverse action when the inmate alleges that prison officials refused to file the inmate's grievances and that they "arranged to deprive him of an indigent store order for postage stamps, hygiene items, and over-the-counter medicine").

III.

Plaintiff sues the Kentucky Department of Corrections for injunctive relief only. However, as stated above, Plaintiff is not entitled to injunctive relief because he has suffered no constitutional violation. Consequently, Plaintiff's § 1983 claim against the Kentucky Department of Corrections likewise fails.

IV.

Lastly, Plaintiff brings a state law claim against Defendants for IIED. In *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984), the Kentucky Supreme Court adopted the Restatement (Second) of Torts § 46 definition of IIED, which reads, "One who by extreme and outrageous conduct intentionally and recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." 671 S.W.2d at 251. The elements of an IIED claim under Kentucky law are:

> (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe.

*Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990) (citing *Craft*, 671 S.W.2d at 249). Defendants argue that Plaintiff cannot satisfy the second element of this tort as the transfer does not constitute sufficiently outrageous conduct to establish IIED.

The standard for outrageous and intolerable conduct is stringent under Kentucky law, and as explained by the Kentucky Supreme Court, "[l]iability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Ky.*, 797 S.W.2d at 3 (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). Plaintiff's allegations as to Defendants' conduct, even taken as true, is not the kind of intentional conduct which a civilized society would view as intolerable and tantamount to an intentional infliction of emotional distress. Again, a transfer in and of itself is not a constitutional violation. *See Sublett*, 2012 WL 5400078, at *2 ("A prisoner has no constitutional right to remain in a particular institution or to be transferred from one institution to another.") (citing *Ward v. Dyke*, 58 F. 3d 271, 284 (6th Cir. 1995)). But even if Defendants transferred Plaintiff with malicious intent, this decision does not rise to the level of egregiousness to be actionable. Accordingly, Plaintiff's state law IIED claim fails as a matter of law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record