UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00189-H

ERIC LLOYD HERMANSEN  PLAINTIFF

V.

KENTUCKY DEPARTMENT OF
CORRECTIONS, ET AL.  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On August 12, 2013, the Court entered a Memorandum Opinion and Order dismissing Plaintiff, Eric Lloyd Hermansen's two-count complaint against Defendants, Kentucky Department of Corrections and individual employees of the Kentucky State Reformatory ("KSR").[1] Plaintiff generally alleges that Defendants wrongfully transferred him from the KSR to the Kentucky State Penitentiary in an effort to stifle his legal assistance to other inmates. He brought a 42 U.S.C. § 1983 claim for retaliation in violation of the First Amendment and a state law claim of intentional infliction of emotional distress ("IIED").[2] Before the Court is Plaintiff's motion to set aside the order dismissing his claims. For the following reasons, the Court will deny the motion.

The Court found that Plaintiff's retaliation claim failed for two reasons: 1) Plaintiff was not engaged in a constitutionally protected activity, and 2) Plaintiff could not establish that his transfer from the KSR to the Kentucky State Penitentiary constituted an adverse action that

---

[1] The individual Defendants are: Cookie Crews, Warden of KSR; Jennifer Tracy, Classification Branch Manager of KSR; Laura Simpson, Grievance Coordinator of KSR; and James M. Ford, Brian K. Ward, and Alicia J. Bloyd, members of KRS's Unit B Classification Committee.

[2] Plaintiff does not challenge the Court's ruling as to the claims brought against Defendants in their official capacities, and the IIED claim. The focus of Plaintiff's motion, and this opinion, is this Court's ruling on the retaliation claim advanced against Defendants in their individual capacities.

1

would deter a person of ordinary fitness from engaging in the protected conduct. Plaintiff now asks the Court to set aside that Order.[3]

A party may challenge a judgment by timely filing a Rule 59(e) motion. Generally, district courts grant Rule 59(e) relief only in limited circumstances "if there is clear error of law, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Rule 59(e) motions permit the district court to correct its own errors, thus "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation omitted). Importantly, a Rule 59(e) motion "does not serve as an opportunity to re-argue a case" and is not a vehicle "to raise arguments which could, and should, have been made before judgment issued." *Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005) (internal quotation and citation omitted).

Plaintiff has not presented any new arguments or evidence that warrant setting aside the Court's previous ruling. The issues Plaintiff raised in the instant motion were discussed in detail, and Plaintiff has failed to convince the Court that a clear error of law is apparent. With respect to the Court's first finding, that Plaintiff was not engaged in a constitutionally protected conduct, the Sixth Circuit recognizes that "prisoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present and to deny this assistance denies the constitutional right of access to the courts." *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Plaintiff has failed to show that the inmates allegedly receiving his legal assistance would otherwise be unable to present their grievances to a court or receive other legal assistance.

---

[3] Plaintiff does not bring his motion pursuant to a specific Federal Rule of Civil Procedure. As best the Court can glean, Plaintiff asks the Court to reconsider its previous ruling. "A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." *Carter v. Porter*, 2009 WL 960144, *1 (E.D. Ky. Apr. 6, 2009) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002)).

*Cf. Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (holding that a "jailhouse lawyer" engaged in protected conduct because the complainant inmate had no knowledge of the law, was held in administrative segregation, and did not know how to access legal books).

Concerning the second finding, again the Court emphasizes that "ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005). The Sixth Circuit has found that a transfer can amount to an adverse action where the inmate "suffered a number of foreseeable consequences that inhibited [his] ability to access the courts." *Id.* Here, Plaintiff makes a somewhat convoluted argument that his attorney, "who regularly consulted Plaintiff on legal issues," is now farther away and thus, the transfer constitutes an adverse action. However, Plaintiff did not bring this action arguing that, as a result of the transfer, *his* legal access to the courts is impaired. In other words, Plaintiff is not claiming like the inmate in *Siggers-El* that he can no longer pursue his own legal action due to a transfer. Rather, his retaliation claim stems from his legal assistance to other inmates in the KSR. Again, Plaintiff failed to establish that those individual inmates' right of access to the courts have been impaired.

In sum, Plaintiff is attempting to reargue the dismissal motion, which is not proper support for a motion to reconsider. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Servs.*, 616 F.3d 612, 616 (6th Cir. 2010). The Court finds no reason to alter, amend or vacate its August Order, and as such, Plaintiff's motion to reconsider must be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff, Eric Lloyd Hermansen's motion to set aside the order dismissing his claims is DENIED.

cc: Counsel of Record